JOHN M. McCORMACK (State Bar No. 143194)
Email: john@kolitchromano.com
KOLITCH ROMANO LLP
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone: (503) 994-1650
Facsimile: (971) 279-4549

*Attorney for Plaintiff*
*University Games Corporation*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNIVERSITY GAMES CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOLIATH USA HOLDING INC., a Delaware corporation,<br><br>Defendant. | Case No. C 19-1280<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**FEDERAL TRADEMARK INFRINGEMENT AND FEDERAL UNFAIR COMPETITION / FALSE DESIGNATION OF ORIGIN**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff University Games Corporation ("University Games") alleges, based on actual knowledge with respect to its acts, and based on information and belief with respect to all other matters, against Defendant Goliath USA Holding Inc. ("Goliath") as follows:

## THE PARTIES

1. University Games Corporation is a California corporation, having a principal place of business at 2030 Harrison Street, San Francisco, California 94110.

2. Upon information and belief, Defendant Goliath USA Holding Inc. is a Delaware corporation having a principal place of business at 3701 W Plano Pkwy, Ste. 100, Plano, Texas, 75075 with a registered agent at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), because this case involves a federal question arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

4. This Court has personal jurisdiction over Goliath because it conducts business within this district, and has committed the tortious activities of trademark infringement and unfair competition within this district. Goliath has sufficient minimum contacts with this district such that the exercise of jurisdiction over Goliath by this Court is appropriate. Goliath sells, has advertised and continues to advertise products in a manner that infringe the trademark rights of University Games to consumers within this judicial district, including the ability for a consumer within this district to purchase Goliath's products through its website www.goliathgames.com as well as in retail outlets such as Target Stores.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 because upon information and belief, Goliath promotes, advertises and markets its products in this district and a substantial part of the events or omissions giving rise to University Games' claims are occurring in this district, causing damage to University Games in this district. Goliath's actions within this

district directly interfere with and damage the commercial business of University Games, and harms its goodwill within this district.

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Civil L.R.") and the Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a districtwide basis.

7. Assignment to the San Francisco Division would be appropriate pursuant to Civil L.R. 3-2(e) because a substantial part of the events that give rise to University Games' claims against Goliath occurred in San Francisco and the Northern District.

8. University Games, which has its headquarters in San Francisco, California, is the well-known marketeer which creates, designs, manufactures, distributes, licenses and sells leading brand-recognizable board games, card games and puzzles in the United States, Europe and Asia. The company was founded in 1985 by Bob Moog and Chris Lehman in Menlo Park, California. Moog continues as the current CEO of University Games and as a major creator of unique games, game play and puzzles for children, young people and adults. His creative abilities, spanning more than 30 years remain fully-engaged today.

9. University Games' games and puzzles have earned it an industry-leading reputation for product innovation, quality and performance. University Games has spent substantial time, money and effort over many years in developing recognition and awareness of its trademarks and products, and has invested significantly in print and Internet advertising to inform consumers and draw attention to its games and puzzles.

10. Through the extensive use of its trademarks, selected at the onset to function powerfully for brand awareness, and therafter enhanced by their use on associated popular games and puzzles, University Games has built up and developed significant goodwill in its product line.

11. The following are examples of outstanding brands now marketed in some 485 products by University Games. These are shown in its 63-page 2019 catalag (see www.universitygames.com and www.areyougame.com) and include, to name a few: University Games (house brand), BriarPatch, Front Porch Classics, BePuzzled, Great Explorations, U-Create. Play 'n Learn, I Spy, Kids on Stage, Totally Gross, Hanayama Cast, Smart Ass, Don't Drink and Draw, Murder Mystery Party, Skittle Pool, Smart Egg, Stupid Deaths, Circa Baseball, Pete the Cat, Fish in a Barrel, Dirty Words, Smart Ass, Indoor Cornhole, Classic Card Games, 3D Crystal Puzzles, Doodletop, Rubik's Games, most recently WTF, the subject of the present trademark action, and its companion mark What The Fish!

12. University Games products are marketed in the U.S., Canada, the U.K., Australia, New Zealand, the Netherlands, France, Italy, Germany, Poland, Austria, Switzerland, Finland, Denmark, Sweden, Spain, China, Japan and South Korea. Online sales outlets include www.universitygames.com, www.areyougame.com., and www.amazon.com. The company's games and puzzles may be purchased at retailers such as, amongst others: Walmart, Amazon, Barnes & Noble, Meijer, Fred Meyer, Marshall's Merchandise, HomeGoods/Marmaxx, Kroger, Jo Ann Stores, Newton Buying Corp/TJ Maxx, Kohl's, Shopko, Party City, Spencer's Gifts and Cracker Barrel. University Games formerly had sales over decades with the now disbanded Toys R Us and Kmart. University Games has also sought to protect its trademark rights by filing for and obtaining U.S. and foreign trademark registrations.

13. University Games first displayed its WTF mark with its What the Fish? card game at the New York Toy Fair (NYTF) in February 2017. The WTF mark was displayed boldly on its card game packaging, as shown here, positioned above and in larger letters than its companion What The Fish? mark:

 

14. The WTF card game and its packages were displayed at NYTF 2017 in University Games's booth as shown below, mounted on top of a display pedestal. The WTF mark was also presented on a side of the pedestal in large script format, as shown, all with the goal of emphasizing the WTF brand to enable buyers and those at NYTF 2017 to associate the brand with University Games.

15. Orders for the WTF branded What the Fish! card games rapidly followed, and University Games began shipping these card games sometime in early April 2017, and perhaps earlier. The WTF branded product has achieved substantial market success. Consumers recognize the WTF brand and associate it exclusively with the card game of that name created and sold by University Games, and have done so ever since the game's introduction. Currently the WTF branded What the Fish! card game is sold online at www.universitygames.com, www.areyougame.com, and some 91 accounts including, to name a few, retailers such as: Walmart, Kohl's, Amazon.com, Barnes & Noble, Meijer, Fred Meyer, Calendar Holdings, Spencer's Gifts, Newton Buying Corp/TJ Maxx, Kohl's, Kroger, HomeGoods/Marmaxx, Party City and Cracker Barrel.

16. Upon information and belief, defendant Goliath just very recently in 2019 adopted and began using the WTF mark for card games, and has been marketing the the product in competition with University Games. Shown below is a picture of Goliath's card game package

where WTF? is emphasized with a contrasting color to the package as a whole, which is now being sold at Target stores:

17. Goliath never sought permission from University Games to use the WTF brand, even though, upon information and belief, Goliath was well aware of the use and success of the WTF branded card game product marketed by University Games. On January 15, 2019 University Games demanded that the WTF? card game product marketed by Goliath be withdrawn from the market because it infringed the WTF mark owned by University Games for its card games. Goliath has refused, after repeated requests by University Games, to withdraw its product branded WTF? from the market and agree not to infringe the WTF mark owned by University Games.

18. Goliath's use of the mark WTF? on its card games and by marketing these cards games in retailers such as Target and others and to advertise its products has created, and is likely to continue to create, consumer confusion and brand/reputational harm to University Games among consumers who are mistaken as to the origin of each party's goods, or who mistakenly

believe University Games and Goliath are commonly owned, operated or otherwise affiliated, connected or associated. Members of the public have been, and are likely to continue being, confused as to the origin, sponsorship, authorization and/or approval by University Games of Goliath's company and products. This has caused, and continues to cause, irreparable harm to Plaintiff's brand and reputation for WTF, for which there is no adequate remedy at law.

## UNIVERSITY GAMES' CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (False Designation of Origin & Unfair Competition; 15 U.S.C. § 1125(a))

19. University Games hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

20. University Games is the owner of all right, title and interest in and to the common mark WTF, and has standing to maintain an action for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). University Games's asserted mark WTF is inherently distinctive and/or has otherwise acquired distinctiveness.

21. Goliath has without authorization, and in connection with the operation of its business, used in commerce the WTF? mark which is confusingly similar to the asserted WTF mark and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Goliath with University Games and/or as to the origin, sponsorship or approval of Goliath's card games.

22. Goliath's conduct described above violates the Lanham Act, and Goliath has unfairly competed with and injured and, unless immediately restrained, will continue to injure University Games, causing damage to University Games in an amount to be determined at trial,

and will cause irreparable injury to University Games's goodwill and reputation associated with the value of the WTF mark owned by University Games.

23. Upon information and belief, the conduct of Goliath has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of University Games' rights.

24. Goliath knew, or by the exercise of reasonable care should have known, that its adoption and commencement of use in commerce and continuing use of a mark that is confusingly similar to University Games' asserted mark WTF would cause confusion, mistake, or deception among purchasers, users and the public.

25. Goliath's continuing and knowing use of the mark WTF? constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing University Games to suffer substantial and irreparable injury for which it has no adequate remedy at law.

26. Goliath's wrongful conduct will permit it to make substantial sales and profits on the strength of University Games' marketing, advertising, sales and consumer recognition. As a direct and proximate result of Goliath's wrongful conduct, as alleged herein, University Games has been and will be deprived of sales of its WTF trademarked card games in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its trademark WTF as a commercial asset in an amount as yet unknown but to be determined at trial.

27. Based on Goliath's wrongful conduct, University Games is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including

Goliath's profits, University Games' damages, reasonable attorneys' fees, costs and prejudgment interest.

28. University Games has no adequate remedy at law for Goliath's continuing violation of its rights set forth above. University Games seeks injunctive relief.

## PRAYER FOR RELIEF

In view of the foregoing, Plaintiff University Games prays for judgment as follows:

A. For an award of Goliath's profits and University Games' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

B. For an award of Goliath's profits and University Games' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

C. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Goliath from engaging or continuing to engage in the unlawful or unfair business acts or practices described herein, including the unauthorized use of any trademark right of University Games; acts of trademark infringement; false designation of origin; unfair competition; and any other act in derogation of University Games' rights;

D. For University Games' reasonable attorney fees;

E. For all costs of suit; and

F. For such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

/ / /

/ / /

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff University Games hereby demands a trial by jury pursuant to Local Rule 38-1.

DATED this 8th day of March, 2019.

Respectfully submitted,

KOLITCH ROMANO LLP

By /s/ John M. McCormack

JOHN M. McCORMACK, State Bar No. 143194
Email: john@kolitchromano.com
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone: (503) 994-1650
Facsimile: (971) 279-4549

*Attorney of Record for Plaintiff University Games Corporation*